## The People of the State of Illinois ex rel. Cecelia Florek, Appellee, v. William Fenelon, Appellant.

### Gen. No. 26,823.

BASTARDS—*when settlement invalid.*  By virtue of section 3 of the Juvenile Court Act (Cahill's Ill. St. ch. 23, ¶ 321), the county court of Cook county is excluded from jurisdiction in bastardy cases and, where the only defense made in such a case was a certified copy of a settlement approved by the county court, the court properly directed a verdict in favor of relatrix, the amount of the settlement to be credited thereon.

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding.  Heard in this court at the March term, 1921.  Affirmed.  Opinion filed January 23, 1922.

SABATH & STAFFORD and EDWARD J. CARMODY, for appellant; THOMAS M. ZASADIL, JR., and EDWARD J. CARMODY, of counsel.

ROBERT E. CROWE, for appellee; EDWARD E. WILSON and CLYDE C. FISHER, of counsel.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

This is an appeal from a judgment of the municipal court against the defendant for $1,100.

The only question involved in the case is whether the county court of Cook county had jurisdiction to approve a settlement in a bastardy case. The defendant insists that the county court has such jurisdiction under sections 2 and 3 of the Juvenile Court Act (Cahill's Ill. St. ch. 23, ¶¶ 320, 321).

Section 4 of the Bastardy Act (Cahill's Ill. St. ch. 17, ¶ 4), is as follows:

"The court having jurisdiction of cases coming within the terms of an act entitled, 'An Act relating to children who are or may hereafter become dependent, neglected or delinquent, to define these terms and to provide for the treatment, control, maintenance, adoption and guardianship of the persons of such children,' approved April 21, 1899, in force July 1, 1899, as amended, shall, with other courts of competent jurisdiction, have jurisdiction in the trial of all cases arising under the terms of this act. The said court, at its next term, shall cause an issue to be made up, whether the person charged, as aforesaid, is the real father of the child or not, which issue shall be tried by a jury. When the person charged appears and denies the charge, he shall have the right to controvert, by all legal evidence, the truth of said charge."

Section 2 of the Juvenile Court Act (Cahill's Ill. St. ch. 23, ¶ 320) provides:

"The circuit and county courts of the several counties in this State shall have original jurisdiction in

all cases coming within the terms of this act. In all trials under this act any person interested therein may demand a jury of six, or the judge of his own motion may order a jury of the same number, to try the case.''

Section 18 of the Bastardy Act (Cahill's Ill. St. ch. 17, ¶ 18) recites that:

''The mother of a bastard child, before or after its birth, may release the reputed father of such child from all legal liability on account of such bastardy, upon such terms as may be consented to in writing by the judge of the court having jurisdiction herein in the county in which such mother resides: *Provided,* such release obtained from such mother in consideration of a payment to her of a sum of money less than $800 in the absence of the written consent of the judge of the court having jurisdiction herein, shall not be a bar to a suit for bastardy against such father, and if, after such release is obtained, suit be instituted against such father, and the issue be found against him, he shall be entitled to a set-off for the amount so paid, and it shall be accredited to him as of the first payment or payments.''

The trial judge refused to admit in evidence a certified copy of a settlement agreement between the parties to the litigation, approved by a judge of the county court of Cook county, offered for the purpose of showing that the litigation had been settled in the county court by defendant paying to Cecelia Florek, relatrix, the sum of $650. This being the only defense made on the trial, the court directed a verdict in favor of the relatrix, and $650, the amount of the settlement, was credited to defendant on the judgment.

Counsel for defendant in their brief have referred us to the sections of the statutes above quoted. Section 3 of the Juvenile Court Act (Cahill's Ill. St. ch. 23, ¶ 321), however, provides that:

''In counties having over 500,000 population, the judges of the circuit court shall, at such times as they

shall determine, designate one or more of their number, whose duty it shall be to hear all cases coming under this act. A special court room, to be designated as the juvenile court room, shall be provided for the hearing of such cases, and the findings of the court shall be entered in a book, or books, to be kept for that purpose and known as the 'Juvenile Record'; and the court may, for convenience, be called the 'Juvenile Court.' "

It will be noted that section 3 refers to counties having a population of over 500,000; this, of course, means Cook county. The other sections of the act quoted confer upon the county courts in other counties of the State jurisdiction in bastardy cases.

The intention of the legislature, however, as expressed in the language used in section 3 of the Juvenile Court Act, seems to have been to exclude the county court of Cook county from jurisdiction in this class of cases and to confer it upon the judges of the circuit court who, under the Juvenile Court Act, are exclusively authorized to act as judges in the juvenile court. Section 3 of the act expressly imposes upon the judges of the circuit court of Cook county the duty of designating one or more of their number to hear all cases coming under this act. It it our opinion that this section of the act indicated a purpose on the part of the legislature to exclude the county court of Cook county from jurisdiction in bastardy cases.

The judgment of the municipal court is therefore affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.